IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIENNE THOMAS and AMBER JOSEPH, | No. C 10-01016 SI |
| Plaintiffs, | **ORDER GRANTING UNITED STATES' UNOPPOSED MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION; and** |
| v. | |
| AIS-AUTO INSURANCE SPECIALISTS, INC., MERCURY INSURANCE GROUP, UNITED STATES OF AMERICA, | **ORDER TO SHOW CAUSE RE: REMAND TO SUPERIOR COURT** |
| Defendants. | |

Defendant United States of America's unopposed motion to dismiss is currently set for oral argument on April 23, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the United States' papers, and for good cause shown, the Court hereby GRANTS the unopposed motion to dismiss the claims against the United States. The Court also ORDERS the parties to SHOW CAUSE why this action should not be remanded to the Contra Costa County Superior Court..

**DISCUSSION**

**1. Claims against United States**

This suit arises from the denial of plaintiffs' claim for auto insurance coverage by their insurance carriers, AIS-Auto Insurance Specialists, Inc. ("AIS") and Mercury Insurance Group ("Mercury"). Plaintiffs allege that they filed an insurance claim after they were involved in an accident in March 2008, but that AIS and Mercury denied the claim due to a lapse in plaintiffs' insurance policy. Plaintiffs allege that although they were told by AIS and Mercury that a renewal policy had been placed in the

mail, they never received the renewal, which was ultimately returned to AIS and Mercury's offices. On February 8, 2010, plaintiffs filed a claim in the Small Claims Division of the Contra Costa County Superior Court against AIS and Mercury as well as the United States Postal Service and Postal Manager Alex Fernandez. The United States removed the action to this Court on March 10, 2010.[1]

Presently before the Court is the United States' unopposed motion to dismiss plaintiffs' claims against it on the ground the claims are barred by the Federal Tort Claims Act ("FTCA"). The FTCA constitutes the United States' exclusive waiver of sovereign immunity for tort actions. *Marley v. United States*, 567 F.3d 1030, 1034 (9th Cir. 2009). Section 2680 of the FTCA expressly states that the United States has not waived its immunity from suit for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). With this provision, "Congress intended to retain immunity . . . for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 489 (2006). Plaintiffs' claim against the United States clearly arises from the fact that plaintiffs' renewal policy never arrived in the mail. The Court agrees with the United States that this claim is barred by the FTCA.

The unopposed motion to dismiss plaintiffs' claims against the United States with prejudice is therefore GRANTED, and the United States is DISMISSED from this action. (Docket No. 7).

///

---

[1] Upon removal, the United States was automatically substituted as defendant in place of the Postal Service and Fernandez, and the action must proceed "subject to the limitations and exceptions applicable" in suits against the United States. 28 U.S.C. § 2679(d)(2), (d)(4).

**2.     Order to Show Cause re: Remand**

As a result of the United States' dismissal from this action, it appears that there is no longer a basis for federal jurisdiction over this matter. Accordingly, the parties are hereby ordered to show cause in writing, to be filed no later than **April 23, 2010,** why this action should not be remanded to the Small Claims Division of the Contra Costa County Superior Court.

**IT IS SO ORDERED.**

Dated: April 14, 2010

SUSAN ILLSTON
United States District Judge